# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-989V
Filed: July 21, 2023

|  |  |
|---|---|
| JASON QUIRINO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ,* for petitioner.
*Mitchell Jones,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

  On October 10, 2022, petitioner moved for an award of interim attorneys' fees and costs in the amount of $70,664.65, including $61,878.50 in attorneys' fees and $8,786.15 in costs. (ECF No. 87.) In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs. (ECF No. 61.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the amount of $63,976.65.

### I. Procedural History

  On July 21, 2017, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of his July 28, 2014 Hepatitis B ("Hep B") and Tetanus-Diphtheria-acellular-Pertussis ("Tdap") vaccination he suffered a rheumatologic injury. (ECF No. 1.) Petitioner filed an

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

amended petition on December 19, 2019, alleging that his July 28, 2014 vaccinations actually caused him to suffer an atypical form of Guillain-Barre syndrome ("GBS"), manifesting as an isolated small fiber neuropathy.  (ECF No 53.)

This case was originally assigned to Special Master Moran and subsequently reassigned to Special Master Sanders.  (ECF Nos. 4, 20.)  On February 27, 2018, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 27.)  On July 25, 2018, Andrew Donald Downing substituted in as the attorney on record in place of Ronald Craig Homer.  (ECF No. 38.)

Subsequently, petitioner filed an expert report from Dr. Laura S. Boylan to support his claim and, in response, respondent filed an expert report from Dr. Jeffrey M. Gelfand.  (ECF Nos. 41, 46.)  This case was then reassigned to my docket on August 29, 2019.  (ECF No. 49.)  Following a status conference held on September 23, 2020, petitioner filed an amended petition and supplemental report from Dr. Boylan.  (ECF Nos. 53, 57.)  Respondent also filed a supplemental report from Dr. Gelfand.  (ECF No. 62.)  On July 20, 2020, per petitioner's request, this case has been queued for the scheduling of an entitlement hearing.  (ECF No. 64.)

Petitioner filed a motion for interim attorneys' fees and costs on May 12, 2020, seeking fees and costs for both current and former counsel.  (ECF No. 60.)  On July 31, 2020, petitioner was awarded interim attorneys' fees and costs in the amount of $51,032.50, including $44,623.97 to current counsel, Mr. Downing, and $17,408.53 to prior counsel, Mr. Homer.  (ECF Nos. 65, 67.)

Subsequently, the case was set for hearing to be held in October of 2022.  (ECF Nos. 72, 75.)  The hearing was held as scheduled.  Shortly thereafter, petitioner filed the instant motion for a second award of interim attorneys' fees and costs.  (ECF No. 87.)  Respondent filed his response on October 24, 2022, and petitioner filed no reply.  (ECF No. 88.)  Accordingly, the motion is now ripe for resolution.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In this case, I have already determined this petition was filed in good faith and with a reasonable basis.  *Quirino v. Sec'y of Health & Human Servs.*, No. 17-989V, 2020 WL 5016702 (Fed. Cl. Spec. Mstr. July 31, 2020).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal

2

Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

In sum, awards of interim fees and costs are discretionary and are intended to avoid undue hardship. Multiple motions for interim attorneys' fees and costs are disfavored. *See*, *e.g.*, *Patel v. Sec'y of Health & Human Servs.*, No. 16-848V, 2019 WL 2296818, at *2 n.3 (Fed. Cl. Spec. Mstr. Apr. 11, 2019) (one special master noting "it is not my practice to allow multiple interim fee awards of fees and costs . . . and [petitioner] should therefore refrain from requesting another interim award again until the case fully concludes"); *see also Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2019 WL 5709372, at *2 (Fed. Cl. Spec. Mstr. Oct. 11, 2019) (the undersigned granting a second interim fee award where the Court of Federal Claims entertained a stay of respondent's motion for review).

Here, the first award of interim attorneys' fees and costs was made in significant part to address the attorneys' fees and costs of former counsel. Since that time, this case has remained pending for a further three years to date and current counsel has incurred significant additional fees and costs. *E.g. Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 (Fed. Cl. Spec. Mstr. June 11, 2019). Accordingly, I exercise my discretion to allow an interim award at this time. However, any further request that attorneys' fees and costs be awarded on an interim basis will be met with a skeptical eye.

### III. Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and later years can be accessed online.[2]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The billing records submitted with petitioner's motion show that counsel increased the requested hourly rates mid-year in 2022 upon transitioning to a different law firm.  I find it more reasonable to award fees using consistent rates for the duration of 2022 and at the same rates as awarded in prior cases.  *Madigan v. Sec'y of Health & Human Servs.*, No. 14-1187V, 2023 WL 3778884, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *see also Pryor v. Sec'y of Health & Human Servs.*, No. 18-1288V, 2022 WL 1793236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022); *Franceschi v. Sec'y of Health & Human Servs.*, No. 21-468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023).  I find that the hours billed were reasonable overall.  However, Ms. Jorgensen billed a total of 61.1 hours preparing petitioner's prehearing submission.  (ECF No. 87-1, pp. 6-9.)  Considering the overall scope of the record, the degree of complexity of this case, and the resulting submission, I find this to be excessive.  I reduce these 61.1 hours by 15%.

In light of these adjustments, I award attorneys' fees as follows:

---

[2] Each of the Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017 and later are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

| Individual | Year | Rate | Hours | Total |
|---|---|---|---|---|
| Downing | 2020-21 | $385 | 4.2 | $1,617.00 |
|  | 2022 | $415 | 47.9 | $19,878.50 |
| Van Cott/Jorgensen | 2021 | $275 | .2 | $55.00 |
|  | 2022 | $325 | 100.84 | $32,773.00 |
| Allison | 2022 | $415 | .3 | $124.50 |
| Avery | 2020-22 | $135 | 5.5 | $742.50 |
| **Total** |  |  |  | **$55,190.50** |

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon my review, the requested costs are reasonable and adequately documented.

### IV. Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED**. Petitioner is awarded $63,976.65, representing $55,190.50 in interim attorneys' fees and $8,786.15 in interim attorneys' costs.

**Accordingly, I award a lump sum of $63,976.65 in the form of a check payable to petitioner and his counsel, Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.