# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-989V
Filed: August 5, 2025

| | |
|---|---|
| JASON QUIRINO,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner |

*Courtney Christine Jorgenson,* Siri & Glimstad, LLP, Phoenix, AZ, for petitioner.
*Mitchell Jones,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF Nos. 1, 35, 53.)  Petitioner alleged that he suffered from small fiber neuropathy as a result of hepatitis B and/or Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination of July 28, 2014. (ECF No. 53, p. 1.)  On December 18, 2023, a ruling on entitlement found petitioner entitled to compensation, and on February 6, 2025, a judgment entered awarding damages. (ECF Nos. 96, 118.)

Currently, two motions for attorneys' fees and costs are pending.  On December 28, 2024, petitioner's prior counsel, Mr. Downing, moved for an interim award of attorneys' fees and costs in light of his departure from the case. (ECF No. 111.)  He requested an award of $20,846.50 in attorneys' fees with no associated attorneys'

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

costs.[3]  (*Id.* at 5.)  However, while this motion was being briefed, the undersigned issued a decision awarding damages.  (ECF No. 112.)  Accordingly, the undersigned deferred ruling on this motion pending the motion for final attorneys' fees and costs.  In response to this motion, respondent requested that the undersigned exercise his discretion in determining a reasonable award.  (ECF No. 114.)  Subsequently, on May 14, 2025, petitioner's current counsel, Ms. Jorgenson, moved for an award of final attorneys' fees and costs.  (ECF No. 120.)  She requested a total of $5,043.47, including $4,979.50 in attorneys' fees and $63.97 in costs.  (*Id.* at 4.)  Respondent filed an additional response to this motion, again deferring to the undersigned's discretion regarding an appropriate amount for attorneys' fees and costs.  (ECF No. 123.)

In the undersigned's experience, the requests appear reasonable overall.[4]  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  The costs also appear to be reasonable and sufficiently documented.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $25,889.97 as follows:**

- **a lump sum of $5,043.47, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Courtney Jorgenson's IOLTA account for prompt disbursement; and**

- **A lump sum of $20,846.50, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's former counsel of record, Andrew Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

---

[3] Mr. Downing was previously awarded interim attorneys' fees and costs totaling $63,976.65.  (ECF No. 93.)

[4] Given the amount at issue, I do not find it necessary to specifically resolve whether Ms. Jorgenson's and Mr. Beaulieu's 2025 rates are reasonable in order to achieve rough justice regarding a reasonable amount for the attorneys' fees.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
